IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. Nos. 1306008913 |
| | ) | 1305008602 |
| | ) | |
| WILLIAM E. DAVIS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Date Submitted: January 29, 2015
Date Decided: March 3, 2015

# RESTITUTION OPINION and ORDER

Jan A. T. van Amerongen, Jr., Esquire, Deputy Attorney General, Wilmington, Delaware, for the State of Delaware.

David Skoranski, Esquire, Assistant Public Defender, Wilmington, Delaware, for Defendant.

At sentencing, the court permitted the State to seek restitution in this case. A restitution memorandum was filed on October 3, 2013, in which the State submitted detailed documentation seeking a restitution award of $4,902.00 in favor of the victim, Frances P. Mulherin, for items missing from her residence.

A restitution hearing was held on January 29, 2015.

At the hearing, Defendant William E. Davis, Jr. disputed that restitution could be awarded for any of the items missing from the victim's residence, with the exception of the firearm. In the event, however, that the court disagreed and was inclined to award restitution for the other missing items, the Defendant stipulated as to the amount of the restitution award -$4,902.

For the reasons discussed below, restitution is hereby awarded in favor of Frances P. Mulherin and against Defendant Davis in the stipulated amount of $4,902.00.

## BACKGROUND AND PROCEDURAL HISTORY

Defendant was a helper for a house painter that was painting the house of the victim, Frances P. Mulherin. Defendant was left unattended for periods of time at Ms. Mulherin's house over a three day period- May 7-9, 2013. On May 10, 2013, Ms. Mulherin noticed that a firearm and jewelry were missing from her residence. Shortly thereafter, she also noticed that money and prescription medication were also missing.

On May 11, 2013, the police were called to Defendant's residence because a firearm had been fired. The firearm that had been fired by Defendant was the firearm which Ms. Mulherin had reported missing from her residence. The firearm which Defendant stole from Ms. Mulherin had been in Ms. Mulherin's nightstand drawer in the master bedroom suite.

1

The master bedroom suite was not an area of the house that was to be painted and there was no legitimate reason for Defendant to have entered that bedroom suite.

Other missing items, jewelry and prescription medication, were also taken from the master bedroom suite. The jewelry was kept in a jewelry box in the master bedroom a few steps from the nightstand (where the firearm was kept). The prescription medication was kept in the master bathroom a few steps from the nightstand and jewelry box.

Since the prescription medication, when filled, was only a two week supply, Ms. Mulherin was able to determine that the prescription medication must have been taken during the time period that Defendant was in the house unattended.

The other item missing from her residence was money that was kept in a cigar box in the china cabinet in the dining room. The dining room was an area of the house that was to be painted and the Defendant needed to open the china cabinet in order to move it away from the wall so that the room could be painted.

On August 13, 2013, Defendant accepted a pre-indictment plea offer. He was charged by information rather than by indictment. Indeed, Defendant waived, in writing, his right to prosecution by indictment. Defendant pled guilty to the theft of a firearm, possession of a firearm by a person prohibited/possession of ammunition by a person prohibited, and reckless endangering first degree.

As part of the plea agreement, the parties agreed that the State would be permitted to seek restitution. At the August 13, 2013 plea colloquy, defense counsel represented to the court that the case involved "some items" that were reported missing from the victim's residence and that the firearm was one of those items.

Although the information, which was filed on August 12, 2013, the day before the plea was entered into, set forth only the three offenses for which Defendant was pleading guilty to, it is clear from defense counsel's representations to the court that the parties were aware that the case involved "some items" that were taken from Ms. Mulherin's residence including, but not limited to, the firearm.

The parties were aware that additional potential charges existed, in addition to the three Defendant pled guilty to, since the Plea Agreement specifically provided that by pleading guilty to the three charges contained in the Information "all remaining charges on these cases" will be dismissed. At the plea colloquy, the State reiterated that "all remaining charges on these cases" were being dismissed upon sentencing.

On October 3, 2013, the State submitted a detailed restitution memorandum with supporting documentation itemizing Ms. Mulherin's damages and seeking a restitution award of $4,902.00 for the missing items that were not recovered: jewelry, prescription medication and money. Because the firearm was recovered by the police and will be returned to Ms. Mulherin, the firearm was the only item reported missing for which restitution was not being sought.

A Restitution hearing was held on January 29, 2015. At the hearing, Ms Mulherin, testified in detail about the other missing items and their respective values.

If the court had intended for the restitution award to only apply to the firearm, there would not have been any reason for the State to request an award of restitution in this case. The firearm is the only item that was missing from Ms. Mulherin's residence for which restitution was not being sought.

## RESTITUTION DECISION AND AWARD

At the time of the plea, the parties were aware that the State's claims involved items missing from Ms. Mulherin's residence, including, but not limited to, the firearm. The firearm was recovered and will be returned to Ms. Mulherin and therefore no restitution is being sought for the theft of the firearm. Ms. Mulherin is awarded restitution for the other missing items: jewelry, prescription medication and money, which have not been recovered.

Restitution, pursuant to 11 *Del. C.* § 4106, is hereby awarded for the missing jewelry, prescription medication and money in the stipulated amount of $4,902.00.

For the reasons set forth herein, the Court hereby orders that Defendant William E. Davis, Jr. shall pay to Frances P. Mulherin restitution in the amount of $4,902.00.

**IT IS SO ORDERED.**

_____/s/_____
Commissioner Lynne M. Parker